Brandon A. v. NHDOE                    CV-00-25-B      08/08/01
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


Brandon A., by and through
his parent and next best friend,
David A., on behalf of himself and
all others similarly situated

        v.                                  Civil No. 00-025-B
                                            Opinion No. 2001 DNH 148
Nicholas Donahue, in his Official
Capacity as Commissioner of The New
Hampshire Department of Education


                            O R D E R


        Justin C. seeks to intervene as a named plaintiff in this

class action pursuant to Fed. R. Civ. P. 24(b)(2), which provides

in relevant part as follows:

        "Permissive Intervention: Upon timely application
        anyone may be permitted to intervene in an action ...
        when an applicant's claim or defense and the main
        action have a question of law or fact in common."

Once an applicant has satisfied this threshold requirement, the

district court enjoys broad discretion in determining whether the

applicant may intervene.  See Daggett v. Comm'n on Gov'tal Ethics

& Election Practices, 172 F.3d 104, 113 (1st Cir. 1999).  In

making its determination, the court may consider any factor that

is rationally relevant.  See id.

I reject Justin's motion because his claim does not have a question of law or fact in common with Brandon's claims. Although Justin, like Brandon, asserts that he was initially denied his right to a 45-day due process hearing, his real challenge is to his school district's failure to implement the hearing officer's decision.  He alleges that his school district failed to implement the hearing officer's decision in his case within the requisite 30 days.  See Pl.'s Reply to Def.'s Objection to Mot. to Intervene, Doc. No. 56, at 2.  In addition, he alleges that he requested that the hearing officer hold an expedited hearing and find the school district in contempt of his order, and that the hearing officer has failed to hold a timely hearing.  See id.

The hearing that Justin requested appears to be a contempt hearing and not an impartial due process hearing, as he requested the hearing in conjunction with his motion to hold the school district in contempt.  See id. at Exh. A.  In addition, the Education Board regulations state that the hearing officer "retain[s] jurisdiction until a decision is fully implemented."

N.H. Code Admin. R. Ed. 1128.13(c) (1998).  The fact that the hearing officer retains jurisdiction supports the idea that the requested hearing concerned implementation of the decision and was not a new due process hearing request.  Therefore, the 45-day time line does not apply to this request.  Thus, Justin's allegations focus on the school district's failure to implement the hearing officer's order, an issue that is not factually or legally similar to Brandon's claims that the NHDOE fails to provide timely due process hearings.  Because I find that Justin does not meet the threshold requirement of Rule 24(b)(2) as his claim does not have a question of law or fact in common with Brandon's action, I deny his motion to intervene, (Doc. No. 49).[1]

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

August 8, 2001

cc:  Nancy J. Smith, Esq.
     Ronald K. Lospennato, Esq.
     Diane M. McCormack, Esq.
     John F. Teague, Esq.

_____

[1]  I also reject Brandon's motion to amend his complaint pursuant to Fed. R. Civ. P. 15(a) to add factual allegations concerning Justin C., (Doc. No. 48).